# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANITA J SHELTON,**
**and IMMOGENE WILLIAMS DANIELS,**

    Plaintiffs,

**v.**                                                                                       **CIVIL ACTION NO.: 3:17-CV-108**
                                                                                         **(GROH)**

**ROBERT BLANE CROOKSHANK et al,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 13. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On November 17, 2017, Magistrate Judge Trumble issued his R&R, recommending that this Court dismiss the Plaintiff's complaint with and without prejudice and deny as moot her application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order.

28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail, return receipt requested, on November 17, 2017. ECF No. 10. The Plaintiff accepted service on November 22, 2017. ECF No. 14. The Plaintiff filed objections, totaling 304 pages, on December 4, 2017. ECF No. 16. The majority of the Plaintiff's objections consist of a verbatim recitation of various statutes. Id. However, one of the Plaintiff's primary objections is that Magistrate Judge Trumble did not consider "the record," because he required her to refile her complaint on court approved forms, shortening the length of the complaint considerably. Id. By her argument, she necessarily left out important information that would control the outcome of the R&R. Accordingly, the Court will review Magistrate Judge Trumble's findings *de novo* and will consider the initial complaint, court approved forms, and objections in so reviewing.

**I. Background**

On August 31, 2017, the Plaintiff filed a complaint against forty-seven Defendants alleging conspiracy, corruption, fraud, retaliation, illegal profiting, gang stalking, harassment, mental abuse, physical attacks, felony vandalism, internet-hacking, home invasion, discrimination, HIPPA and privacy law violations, mail fraud, violation of Second Amendment rights, and wrongful death or possible murder. ECF No. 1 and 10. These allegations appear to stem from the Plaintiff's marriage to and subsequent divorce from one of the Defendants, Robert Blane Crookshank. The complaint lists the Plaintiff's

deceased mother, Immogene Williams Daniels, as a second Plaintiff.  Id.  However, as discussed in the R&R without objection by the Plaintiff, Immogene Williams Daniels is deceased and cannot bring the cause of action.  Accordingly, the complaint will be evaluated as to Plaintiff Anita Shelton, alone.

## II. Discussion

Because of the large number of Defendants, and convoluted claims against each, the Court has grouped the relative reasons for dismissal as follows: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) immunity; and (4) failure to state a claim upon which relief may be granted.  While the R&R dismisses several claims on the grounds that the statute of limitations has expired, the Plaintiff objects to these findings, stating that the "claims continue and have never ceased."  ECF No. 16 at 4.  However, the R&R does not rely on the statute of limitations in dismissing any claim.  Rather, the R&R lists multiple reasons for dismissal, including but not relying on, the statute of limitations.  Accordingly, the Court will not decide whether the statute of limitations have expired because all claims can be dismissed on other grounds.

### A. Lack of Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12, "[i[f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Federal courts have subject matter jurisdiction over cases where there the complaint presents a federal question or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

In so far as the Plaintiff alleges a Bivens or § 1983 claim, the Court has federal question jurisdiction over the claim.  Federal question jurisdiction is codified in 28 U.S.C.

§ 1331 which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Because Bivens and § 1983 both arise under federal law, jurisdiction for these claims is proper under 28 U.S.C. § 1331. However, a Bivens action may only be brought against a federal officer. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). Similarly, claims arising under 42 U.S.C. § 1983 require that the Defendant be acting "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." 42 U.S.C. § 1983. Accordingly, for Defendants who are not federal officers or acting under color of law—and accordingly are not subject to Bivens or § 1983—the Court must have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Based upon the information alleged in both complaints and the Plaintiff's objections to the R&R, the following Defendants are not federal officers and were not otherwise acting under color of law: (1) Robert C. Stone; (2) Joseph Brody Cordell; (3) the Hospice of the Eastern Panhandle; (4) Kris Wiebold; (5) Janie Wiebold; and (6) Anthony Morgan. Accordingly, subject matter jurisdiction is only proper as to those Defendants if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332. In this case, the Plaintiff is a West Virginia resident. Accordingly, diversity is destroyed by any Defendant who is also a West Virginia resident. Based upon the addresses provided by the Plaintiff, the Court finds that the following Defendants are West Virginia residents: (1) Robert C. Stone; (2) Joseph Brody Cordell; (3) the Hospice of the Eastern Panhandle; (4) Kris Wiebold; (5) Janie Wiebold; and (6) Anthony Morgan. Although the Plaintiff contests that Kris and Janie Wiebold are West Virginia residents, stating in her objections that they may live in either West Virginia or

Hawaii [ECF No. 16 at 55], the Court is mindful that "the burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." Hertz Corp. v. Friend, 599 U.S. 77, 96 (2010). When challenged, the party must support its allegation "by competent proof." Id. Without such proof, the Court finds that there is no diversity jurisdiction.

Accordingly, the Court hereby **ORDERS** that all claims against Robert C. Stone, Joseph Brody Cordell, the Hospice of the Eastern Panhandle, Kris Wiebold, Janie Wiebold and Anthony Morgan are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### B. Lack of Personal Jurisdiction

In order for a district court to assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. First, "exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. Of Dirs. of First Church of Christ v. Nolan, 259 F.3d, 209, 215 (4th Cir. 2001). West Virginia's long arm statute is codified in West Virginia Code § 56-3-33 and has been interpreted to be coextensive with the Due Process Clause. Specifically, the Fourth Circuit held "because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather, the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997).

Accordingly, to exercise personal jurisdiction over non-resident defendants, personal jurisdiction must "comport with Fourteenth Amendment due process requirements." 259 F.3d at 215. This requires that the defendant "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 315 (1945).

As discussed more fully in the R&R, the Court finds the following non-resident Defendants lack sufficient minimum contacts to permit the exercise of personal jurisdiction: (1) Rita Courman; (2) Andre Maltavo; (3) Attorney General of Maryland; (4) Maryland Correctional Training Center Correctional Officers; (5) Maryland Department of Health; (6) Brian Mulligan; (7) Terri Mulligan. While the Plaintiff objects on the basis that all of the aforementioned Defendants had contact with her [ECF No. 16 at 26-30], "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Accordingly, the Court cannot exercise personal jurisdiction over the aforementioned Defendants merely because the Plaintiff lodged a complaint with their agency. In the same token, the Court cannot exercise personal jurisdiction over Brian and Terri Mulligan simply because they are listed as witnesses on an involuntary mental commitment application.

Therefore, the Court finds that it lacks personal jurisdiction over Rita Courman, Andre Maltavo, the Attorney General of Maryland, the Maryland Correctional Training Center Correctional Officers, the Maryland Department of Health, Brian Mulligan and Terri

Mulligan. Accordingly, the Court hereby **ORDERS** that all claims against these Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

### C. Immunity

Next, the law enforcement officers, prosecutor, and judges that are named as Defendants are entitled to various forms of immunity.

#### 1. Qualified Immunity

First, the law enforcement officers—including (1) James Michael Rickard, (2) Captain White, (3) Sergeant Burkhart, (4) Trooper Cook, (5) Sergeant Sims, (6) Trooper Bowman, (7) Sergeant Morton, (8) Sergeant Myers, (9) Sergeant Anderson, (10) Sergeant Dillion, (11) Sergeant Boober, (12) Derrick English, (13) Michael Laing, (14) Deputy McGowan, (15) Sheriff LeMaster, (16) Deputy Young, (17) Deputy Perkins, and (18) Investigator Harmison—are entitled to qualified immunity. Qualified immunity is intended to "protect government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal citations omitted). The doctrine of qualified immunity "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id.

In this case, it is unclear what clearly established right the aforementioned Defendants violated. The complaint appears to allege that the Defendants: (1) failed to reasonably investigate complaints lodged by the Plaintiff; (2) failed to serve a protective order; (3) and generally favored her husband, Defendant Crookshank, at her detriment. See ECF No. 1-3. In so arguing, the Plaintiff states that the Defendants' actions were

malicious and, accordingly, should not be entitled to qualified immunity. However, "a defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated." Crawford-El v. Britton, 523 U.S. 574, 588 (1998). Accordingly, it is irrelevant whether the aforementioned Defendants acted in malice or to protect Defendant Crookshank. Therefore, as explained more fully in the R&R, the law enforcement officers are entitled to qualified immunity.

Accordingly, the Court hereby **ORDERS** that the claims against the law enforcement officers named above are **DISMISSED WITH PREJUDICE**.

### 2. Prosecutorial Immunity

Next, Pamela Games Neely is entitled to prosecutorial immunity in her role as the Berkeley County prosecutor. Prosecutors are entitled to "absolute immunity under § 1983," for conduct that is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This includes absolute immunity for decisions on "whether to present a case to a grand jury, whether to file an information, [and] whether and when to prosecute." Id. at n. 33.

In this case, the Plaintiff alleges that Ms. Neely failed to prosecute Defendant Crookshank. Specifically, in her objections, the Plaintiff argues that Ms. Neely should not be entitled to prosecutorial immunity because she "conspired to defraud the Plaintiff into believing she sought an indictment before a Grand Jury against defendant, Robert Blane Crookshank." ECF No. 16 at 7. The Plaintiff acknowledges that if Ms. Neely chose not to prosecute at all, she would be entitled to immunity, but contends that she is not entitled to immunity because she lied by stating she brought the Defendant before a grand jury without actually doing so. Id. at 9. As proof, the Plaintiff submits a letter from Ms. Neely

8

stating she brought Defendant Crookshank before a grand jury and an untrue bill was found. However, the Plaintiff submits that there is no record of the untrue bill. The Court finds this unpersuasive, as there is no record of grand jury proceedings when an untrue bill is found. Accordingly, the Plaintiff's claim of fraud must fail. In so far as Defendant Neely chose not to continue prosecutions against Defendant Crookshank, she is well within her prosecutorial discretion and immunity.

Thus, the Court hereby **ORDERS** that the claims against Defendant Neely be **DISMISSED WITH PREJUDICE**.

### 3. Judicial Immunity

Finally, the following Defendants were serving in their judicial capacity and are entitled to judicial immunity: (1) the 2015-16 term justices of the West Virginia Court of Appeals, (2) Family Court Judge Sally G. Jackson; and (3) Circuit Court Judge Michael D. Lorenson.

Judges are entitled to absolute immunity and are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Here, the judges listed above acted within their jurisdiction, as discussed more fully in the R&R. ECF No. 13 at 31-32. In her objections the Plaintiff points to Judge Jackson "yelling" at her and retaliating against her [ECF No. 16 at 12], however, all of the alleged actions taken by Judge Jackson occurred during her divorce proceedings and well within Judge Jackson's jurisdiction. Accordingly, the objections must fail.

Therefore, the Court hereby **ORDERS** that the claims against the aforementioned Defendants be **DISMISSED WITH PREJUDICE**.

### D. Failure to State a Claim upon which Relief may be Granted

Finally, the claims against the remaining Defendants—including the Department of Homeland Security (DHS), the Federal Bureau of Investigation (FBI), the Federal Communications Commission (FCC), the Governor's Office, the West Virginia Attorney General, the West Virginia Judicial Investigative Committee, the West Virginia Lawyers Disciplinary Board, the West Virginia Nursing Board, Heather Deeds, Walmart, K-Mart and Robert Blane Crookshank—must be dismissed for failure to state a claim.

First, the Bivens or § 1983 claims against Walmart and K-Mart security personnel must be dismissed because the companies are private entities and their employees are not acting under color of federal or state law. See Holly v. Scott, 434 F.3d 287 (4th Cir. 2006) (refusing to extend Bivens liability to individual employees of a private corporation running a correctional facility). While the Plaintiff objects that Walmart and K-Mart may be violating "other legal and Civil rights," [ECF No. 16 at 89], she fails to specify any grounds by which she is entitled to relief. Accordingly, the Court hereby **ORDERS** that the claims against these corporate Defendants and their employees be **DISMISSED WITH PREJUDICE**.

Next, the Bivens claims against DHS, the FBI, and the FCC must fail because "[a] Bivens cause of action . . . cannot be brought against a federal agency." FDIC v. Meyer, 510 U.S. 471, 486 (1994). Accordingly, the Court hereby **ORDERS** that the claims against these federal agencies be **DISMISSED WITH PREJUDICE**.

In the same token, the § 1983 claims alleged against state agencies including the Governor's Office, the office of the West Virginia Attorney General, the West Virginia Judicial Investigative Committee, the West Virginia Lawyers Disciplinary Board and the

West Virginia Nursing Board must be dismissed because the state and its agencies "are not persons acting under state law." Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); see also Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, the Court hereby **ORDERS** that the claims against these state agencies be **DISMISSED WITH PREJUDICE**.

Next, the Plaintiff's claims against Heather Deeds, the Director of the Berkeley County Victim Witness Assistance Program, must be dismissed because the Plaintiff does not assert any factual allegations which make Ms. Deeds liable to the Plaintiff for monetary damages. While the Plaintiff states in her objections that she provided sufficient factual allegations in her initial complaint [ECF No. 16 at 23-24], a review of that complaint shows that the Plaintiff alleges no more than that Ms. Deeds failed to effectively do her job. ECF No. 1-7 at 5. Accordingly, the Court hereby **ORDERS** that the claims against Heather Deeds be **DISMISSED WITH PREJUDICE**.

Finally, the Plaintiff alleges a Bivens claim against Robert Blane Crookshank stating that he used his position as a FEMA security officer to influence law enforcement and Judge Jackson, made false statements to law enforcement that the Plaintiff was mentally ill, and filed an allegedly malicious involuntary mental commitment application for the Plaintiff. To the extent these claims are not Bivens claims, the Court does not have subject matter jurisdiction, as both the Plaintiff and Defendant are West Virginia residents. To the extent that this is a Bivens claim, it is unclear how these acts deprived the Plaintiff of a constitutional right. Accordingly, the Court hereby **ORDERS** that the claims against Robert Blane Crookshank be **DISMISSED WITH PREJUDICE**.

### III. Conclusion

Accordingly, upon review and finding no error, the Court **ORDERS** Magistrate Judge Trumble's Report and Recommendation [ECF No. 13] be **ADOPTED** for the reasons more fully stated therein. The Court hereby **ORDERS** that the Plaintiff's complaint [ECF No. 1 and 10] be **DISMISSED WITHOUT PREJUDICE** as to the following Defendants: (1) Robert C. Stone; (2) Joseph Brody Cordell; (3) the Hospice of the Eastern Panhandle; (4) Kris Wiebold; (5) Janie Wiebold; (6) Anthony Morgan; (7) Rita Courman; (8) Andre Maltavo; (9) Attorney General of Maryland; (10) Maryland Correctional Training Center Correctional Officers; (11) Maryland Department of Health; (12) Brian Mulligan; and (13) Terri Mulligan. The Court hereby **ORDERS** that the Plaintiff's complaint [ECF No. 1 and 10] be **DISMISSED WITH PREJUDICE** as to the remaining Defendants. The Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2] is **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to strike this case from the active docket and transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** January 24, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE